[Crim. No. 3764. First Dist., Div. One. Nov. 22, 1960.]

THE PEOPLE, Respondent, v. JESSE HENRY HORACE, Appellant.

*Assigned by Chairman of Judicial Council.

Rinaldo A. Carmazzi, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of conviction after jury verdict, of burglary of the second degree.*

Defendant's only claim of error is the alleged insufficiency of the evidence. The evidence was amply sufficient.

About 3 a.m., Officer Leahy, special patrolman of Daly City, as he passed the Peninsula T.V. store, noticed someone moving inside. He stopped his vehicle and then noticed a man walk from behind the store at the end of an alley. He immediately radioed for help, and proceeded down the alley, but lost the man, whom he was unable to recognize. He noted that the back door of the store had been pried open and a skylight was broken. It developed that one television set was missing from the store. Another television and a hi-fi set were found out of place in the rear of the building. Other officers arrived and began to search the area. Officer Wetmore went into the basement garage of a building behind the shop. He heard a noise and shouted for whoever it was to come out. He saw a man move from the front of the building and go through a garage door moving very quickly. Wetmore ran after him, and, on emerging from the garage, saw defendant trying to conceal himself against the corner of the garage. Defendant wore black leather gloves. On searching him, Officer Warren, who had approached, found a crowbar in defendant's waistband; a small ball-peen hammer lay on the ground about 12-13 inches from defendant. A truck was found in front of the store. The truck belonged to the Central Garage in San Francisco. Defendant was one of the persons who rented space in that garage. The truck while parked in the garage had its keys on the visor. In the truck was the missing television set and a hi-fi set taken from the store. Defendant admitted to one of the officers that these sets came from inside the store. Defendant admitted to an officer that the crowbar and hammer were his and that he had brought them from San Francisco. No fingerprints were found on the sets or the tools. Half of the

---

*Defendant admitted three prior felony convictions.

rear door and the nails pried loose were taken to the county criminologist who testified that the marking on a partially removed nail in the door showed that this crowbar was used on it. Defendant did not testify or produce any evidence.

 "'[B]efore the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below.'" (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Here, defendant's flight, his possession of a crowbar that was used in the burglary, his admission about the television and hi-fi sets found in the truck to which he had access, together make a very clear showing of defendant's guilt.

Defendant contends that the crowbar introduced in evidence and examined by the expert was not clearly identified as the crowbar found in defendant's waistband. There is no merit to this contention. Officer Wetmore in Officer Warren's presence found the crowbar on defendant's person and delivered it to Sergeant Galindo, who put his initials on it and turned it over to the criminologist. During Officer Warren's testimony he stated that he recognized the crowbar. He testified that Officer Wetmore had placed a "J" on it. Officer Wetmore testified that he initialed the crowbar with a "W." He was then told that a little later he would be asked to point out the "W" he had placed on the crowbar. He never was asked to do so. Sergeant Galindo testified that he recognized the crowbar because he had his initials on it. Although no objection was made to the introduction of the crowbar in evidence, defendant now contends that the crowbar was not connected up with him because neither witness pointed out his initials on the crowbar to the jury. Under the evidence, both this omission and the discrepancy in the testimony of Officers Wetmore and Warren were unimportant.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.